UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| YAMIL MORALES, | ) |
| Plaintiff, | ) ) ) 2:11-CV-02102-LRH-NJK |
| v. | ) |
| ARIA RESORT & CASINO, LLC, | ) ORDER |
| Defendant. | ) |
| ARIA RESORT & CASINO HOLDINGS, LLC dba ARIA, | ) ) ) |
| Counterclaimant, | ) |
| v. | ) |
| YAMIL MORALES aka YAMIL MORALES ARAMBURO, | ) ) |
| Counterdefendant. | ) |

Before the Court is Defendant and Counterclaimant Aria Resort & Casino Holdings, LLC dba Aria's ("Aria") Motion for Attorneys' Fees and Costs. Doc. #46.[1] Plaintiff and Counterdefendant Yamil Morales ("Morales") filed an Opposition (Doc. #50), to which Aria replied (Doc. #51).

---

[1] Refers to the Court's docket number.

## I.  Factual Background

This action arises out of Aria's efforts to collect on Morales' unpaid gambling debt. On February 7, 2014, the Court entered an Order granting Aria's Motion for Summary Judgment. Doc. #41. On February 10, 2014, the Court entered Judgment in favor of Aria and against Morales in the amount of $500,000.00, plus interest at the rate of 18% per annum, and statutory damages pursuant to Nevada Revised Statute 41.620 in the amount of $3,500.00. Doc. #42. On February 24, 2014, Aria filed the present Motion for Attorneys' Fees and Costs before the Court. Doc. #46.

## II.  Legal Standard

A party may move for attorney's fees under Federal Rule of Civil Procedure 54(d)(2), provided that the party specifies "the statute, rule, or other grounds entitling [it] to the award." "In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2004).

## III.  Discussion

Pursuant to Nevada Revised Statute 18.010(1), "[t]he compensation of an attorney and counselor for his services is governed by agreement, express or implied, which is not restrained by law." Thus, a contractual provision for the recovery of attorneys' fees will be enforced according to its express terms. *See Rowland v. Lepire*, 99 Nev. 308, 315-16 (1983) (refusing to award attorneys' fees to plaintiff as the prevailing party where contract only provided for defendant's recovery of attorneys' fees in the event defendant was forced to retain counsel to enforce the contract); *see also Trustees of Carpenters for S. Nev. Health & Welfare Trust v. Better Building Co.*, 101 Nev. 742, 747 (1985) (refusing to construe the unilateral fee provision set forth in the parties' contract, which entitled plaintiffs to attorneys' fees if they prevailed, as a reciprocal provision and holding that defendants were properly refused attorneys' fees); *Pandelis Const. Co. v. Jones-Viking Associates*, 103 Nev. 129, 132 n. 3 (finding that, because it was the contractor who sued to enforce the contract, the contractual fee provision, which applied only if the property owner

sued to enforce the contract, did not govern any award of attorneys' fees).[2]

Here, the express terms of the agreements entitle Aria to an award of attorneys' fees and costs of collection. Specifically, pursuant to the terms of the seven (7) casino markers Morales signed, he agreed "to pay all costs of collection, including attorney's fees." *See* Doc. #46, Ex. 1. Additionally, pursuant to the terms of the credit application that Morales signed, he agreed to "pay . . . all costs of collecting, including attorney's fees and court costs." *See* Doc. #46, Ex. 2. Accordingly, the Court finds that Aria is entitled to an award of reasonable attorneys' fees and costs pursuant to Nevada Revised Statute 18.010(1) and the express terms of the aforementioned negotiable instruments.

To the extent Aria seeks to recover the attorneys' fees and costs it has already incurred to collect on Morales' debt ($57,538.00 and $859.42 respectively), the Court finds the request to be reasonable under the circumstances.[3] In support of its request, Aria complied with the applicable provisions of Local Rule 54-16 by providing (1) an itemization and description of the work performed, (2) an itemization of all costs sought to be charged as a part of the fee award and not otherwise taxable pursuant to Local Rules 54-1 through 54-15, as well as (3) a summary of (a) the results obtained and the amount involved; (b) the time and labor required to pursue this matter; (c) the novelty and difficulty of the questions involved; (d) the skill requisite to perform the legal service properly; (e) the preclusion of other employment due to acceptance of the case; (f) the

---

[2] Morales cites these cases for the proposition that recovery of attorneys' fees is prohibited under Nevada law where the contractual documents lack mutuality of remedy language. Morales' reading of these cases is incorrect. Contrary to Morales' assertion, none of these cases stand for the proposition that a contractual provision for attorneys' fees, which applies to only one of the parties, is unenforceable under Nevada Revised Statute 18.010.

[3] In its Motion for Attorneys' Fees and Costs, Aria asserts that it incurred $57,538.00 in attorneys' fees. Doc. #46, p. 3. In its Reply, however, Aria updated that figure to $59,513.00 to reflect the increase in its attorneys' fees through the date of filing Aria's Reply. Doc. #51, p. 5. In support thereof, Aria submitted a Supplemental Affidavit of Craig S. Newman. Doc. #51, Ex. 1. Nevertheless, because Morales did not have an opportunity to challenge this increase, the Court declines to accept the same.

customary fee; (g) whether the fee is fixed or contingent; (h) counsel's own experience, reputation, and ability; and (i) the nature and length of the professional relationship with the client.[4]  *See* Doc. #46, Ex. 3.  Morales does not contest the reasonableness of Aria's request in this regard.  As such, the Court finds that Aria's request for $57,538.00 in attorney's fees and $859.42 in costs is reasonable and shall be awarded.

To the extent Aria asserts that it is entitled to recover the 25% contingency fee ($226,837.97) it will necessarily be forced to incur in order to collect on the judgment in Mexico, the Court disagrees.  Aria cites *Deutsche Credit Corp. v. Keeler*, 96 Or. App. 257, 261-62 (1989), for the proposition that when a party establishes that it will incur additional attorneys' fees to collect on a judgment, a court may award those additional attorneys' fees as part of the judgment.  Indeed, in *Keeler*, the Oregon court of appeals concluded that the trial court had not abused its discretion by awarding an additional $5,000.00 for attorneys' fees that the plaintiff would incur after the judgment in efforts to collect it.  *Id.*  Nevertheless, the Court is unaware of any Nevada authority for the proposition that a prevailing party is entitled to recover additional attorneys' fees for future collection efforts.  Nor does Aria cite any Nevada statutory or case law in support thereof.  Finally, Aria has failed to establish with sufficient certainty that it will incur $226,837.97 in additional attorneys' fees to collect on Morales' debt.  Aria's affidavit from Acting Executive Director of Casino Collections, which states that "Aria retains out-of-state counsel to collect against judgment debtors who reside outside the state of Nevada" and "[s]uch counsel's required attorney's fee to handle Aria collection matters, including this matter, is a 25% contingency fee" does not comply with Local Rule 54-16.  Nor does it provide a factual basis on which the Court could evaluate the reasonableness of Aria's request.  Accordingly, the Court declines to award Aria an additional $226,837.97 in anticipated attorneys' fees.

---

[4]  The Court agrees with Aria that the following factors are inapplicable to the present case: time limitations imposed by the client or circumstances, the undesirability of the case, and awards in similar cases.

1   IT IS THEREFORE ORDERED that Aria's Motion for Attorneys' Fees and Costs (Doc.
2 #46) is GRANTED in part and DENIED in part in accordance with this Order.
3   IT IS FURTHER ORDERED that Morales shall pay Aria $57,538.00 in attorneys' fees and
4 $859.42 in costs within thirty (30) days of the entry of this Order.
5   IT IS SO ORDERED.
6   DATED this 6th day of May, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE